RUTAN & TUCKER, LLP
A. Patrick Muñoz (State Bar No. 143901)
pmunoz@rutan.com
Emily Webb (State Bar No. 302118)
ewebb@rutan.com
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone: 714-641-5100
Facsimile:  714-546-9035

Attorneys for Plaintiff
SAFARI PARK, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| SAFARI PARK, INC., a California corporation,<br><br>           Plaintiff,<br><br>     v.<br><br>SOUTHRIDGE PROPERTY OWNERS ASSOCIATION OF PALM SPRINGS, a California nonprofit, mutual benefit corporation;<br>2203 SOUTHRIDGE LLC, a California corporation;<br>KURT BOCHNER, Trustee of the Kurt Bochner Revocable Trust dated November 19, 1984;<br>DESERT WATER AGENCY, a public agency;<br>ALAN NEIL FREIMAN, an individual;<br>BETTY J. GARBER, Trustee of the Garber Family Trust;<br>DANIEL F. JENSEN, an individual;<br>SUSAN S. JENSEN, an individual;<br>LA PIEDRA LLC, a Maryland limited liability corporation;<br>AGNES MONTZ, an individual;<br>BARRY R. PETERSEN, Trustee of the Petersen Wolff Trust dated September 19, 2015;<br>MARY NELL JACOBSEN WOLFF, Trustee of the Petersen Wolff Trust dated September 19, 2015;<br>SCOTT FREDERICK PRINGLE, Trustee of the Scott Frederick Pringle Revocable Trust dated May 20, 2015;<br>RICE L. RICE, an individual; | Case No.<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR TRESPASS**<br><br>**DEMAND FOR JURY TRIAL** |

| | |
|---|---|
| 1 | ALEXA CHRISTINA RICE, an individual; |
| 2 | RYNYA, LLC, a Delaware corporation; |
| 3 | KARENA D. SAHAIDACHNY, an individual; |
| 4 | ROBERT A. SAHAIDACHNY, an individual; |
| 5 | SCOTT JEREMY LIVING TRUST; SOUTHRIDGE CHALLANGE, |
| 6 | GREGORY B. WILCOX, Trustee of the Wilcox Richmond Revocable Trust dated August 5, 2004; |
| 7 | CANDIS E. RICHMOND, Trustee of the Wilcox Richmond Revocable Trust dated August 5, 2004; |
| 8 | DENNIS YARES, an individual; |
| 9 | MOLLY YARES, an individual; DAVID ZIPPEL, an individual; |
| 10 | MICHAEL JOHNSON, an individual; and DOES 1 through 200, inclusive, |
| 11 | Defendants. |

13
14  / / /
15  / / /
16  / / /
17  / / /
18  / / /
19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

Plaintiff SAFARI PARK, INC. ("Safari Park") by its Complaint for Injunctive Relief and Damages, hereby alleges as follows:

## THE PARTIES

1. SAFARI PARK, INC. ("Safari Park") is a corporation formed under the laws of the state of California that maintains a principal place of business at 2601 Cherokee Way, Palm Springs, California 92264.

2. Upon information and belief, SOUTHRIDGE PROPERTY OWNERS ASSOCIATION OF PALM SPRINGS ("Southridge") is a California nonprofit, mutual benefit corporation, organized and existing under the laws of the state of California, with its principal place of business located at 1111 East Tahquitz Canyon Way, # 103, Palm Springs, California 92262.

3. Upon information and belief, 2203 SOUTHRIDGE LLC is a California corporation, organized and existing under the laws of the state of California, owner of that certain real property located at 2203 Southridge Drive, Palm Springs, California 92262, APN 510250034.

4. Upon information and belief, KURT BOCHNER is Trustee of the Kurt Bochner Revocable Trust dated November 19, 1984, organized and existing under the laws of the state of California, owner of that certain real property located at 2275 Southridge Drive, Palm Springs, California 92262, APN 510250018.

5. Upon information and belief, DESERT WATER AGENCY is a public groundwater management agency, organized and existing under the laws of the state of California, owner of that certain real property located at 2466 Southridge Drive, Palm Springs, California 92262, APN 510260030.

6. Upon information and belief, ALAN NEIL FREIMAN is an individual, owner of that certain real property located at 2433 Southridge Drive, Palm Springs, California 92262, APN 510260029.

7. Upon information and belief, BETTY J. GARBER is Trustee of the Garber Family Trust, organized and existing under the laws of the state of

California, owner of that certain real property located at 2455 Southridge Drive, Palm Springs, California 92262, APN 510260024.

8. Upon information and belief, DANIEL F. JENSEN is an individual, owner of that certain real property located at 2362 Southridge Drive, Palm Springs, California 92262, APN 510250007.

9. Upon information and belief, SUSAN S. JENSEN is an individual, owner of that certain real property located at 2362 Southridge Drive, Palm Springs, California 92262, APN 510250007.

10. Upon information and belief, LA PIEDRA, LLC, a limited liability company organized and existing under the laws of the state of Maryland, owner of that certain real property located at 2399 Southridge Drive, Palm Springs, California 92262, APN 510260020.

11. Upon information and belief, AGNES MONTZ is an individual, owner of that certain real property located at 2432 Southridge Drive, Palm Springs, California 92262, APN 510260015.

12. Upon information and belief, BARRY R. PETERSEN is Trustee of the Peter Wolff Trust, organized and existing under the laws of the state of Colorado, owner of that certain real property located at 2212 Southridge Drive, Palm Springs, California 92262, APN 510250001.

13. Upon information and belief, MARY NELL JACOBSEN is Trustee of the Peter Wolff Trust, organized and existing under the laws of the state of Colorado, owner of that certain real property located at 2212 Southridge Drive, Palm Springs, California 92262, APN 510250001.

14. Upon information and belief, SCOTT FREDERICK PRINGLE is Trustee of the Scott Frederick Pringle Revocable Trust dated May 20, 2015, organized and existing under the laws of the state of California, owner of that certain real property located at 2477 Southridge Drive, Palm Springs, California 92262, APN 510241029.

15. Upon information and belief, RICE L. RICE is an individual, owner of that certain real property located at 2379 Southridge Drive, Palm Springs, California 92262, APN 510250020.

16. Upon information and belief, ALEXA CHRISTINA RICE is an individual, owner of that certain real property located at 2379 Southridge Drive, Palm Springs, California 92262, APN 510250020.

17. Upon information and belief, RYNYA, LLC, is a corporation organized and existing under the laws of the state of Delaware, owner of that certain real property located at 2466 Southridge Drive, Palm Springs, California 92262, APNs 510260007, 510260006, and 510260028.

18. Upon information and belief, KARENA D. SAHAIDACHNY is an individual, owner of that certain real property located at 2477 Southridge Drive, Palm Springs, California 92262, APN 510260007.

19. Upon information and belief, ROBERT A. SAHAIDACHNY is an individual, owner of that certain real property located at 2477 Southridge Drive, Palm Springs, California 92262, APN 510260007.

20. Upon information and belief, JEREMY SCOTT is Trustee of the Scott Jeremy Living Trust, organized and existing under the laws of the state of California, owner of that certain real property located at 2175 Southridge Drive, Palm Springs, California 92262, APNs 510250031 and 510250026.

21. Upon information and belief, SOUTHRIDGE CHALLANGE, LLC, a limited liability company organized and existing under the laws of the state of Maryland, owner of that certain real property located at 2400 Southridge Drive, Palm Springs, California 92262, APN 510260005.

22. Upon information and belief, GREGORY B. WILCOX is Trustee of the Wilcox Richmond Revocable Trust dated August 5, 2004, organized and existing under the laws of the state of Alaska, owner of that certain real property located at 2288 Southridge Drive, Palm Springs, California 92262, APN 510250040.

23. Upon information and belief, CANDIS E. RICHMOND is Trustee of the Wilcox Richmond Revocable Trust dated August 5, 2004, organized and existing under the laws of the state of Alaska, owner of that certain real property located at 2288 Southridge Drive, Palm Springs, California 92262, APN 510250040.

24. Upon information and belief, DENNIS YARES is an individual, owner of that certain real property located at 2323 Southridge Drive, Palm Springs, California 92262, APN 510250019.

25. Upon information and belief, MOLLY YARES is an individual, owner of that certain real property located at 2323 Southridge Drive, Palm Springs, California 92262, APN 510250019.

26. Upon information and belief, DAVID ZIPPEL is an individual, owner of that certain real property located at 2340 Southridge Drive, Palm Springs, California 92262, APN 510250006.

27. Upon information and belief, MICHAEL JOHNSON is an individual, owner of that certain real property located at 2340 Southridge Drive, Palm Springs, California 92262, APN 510250006.

28. The APNs identified in paragraphs 3 through 27 above are hereinafter referred to as the "Southridge Parcels."

29. The true names, and identities or capacities, whether individual, associate, corporate or otherwise of DOES 1 through 200, inclusive, are unknown to Safari Park, who therefore sues said defendants by fictitious names. Safari Park is informed and believes, and on such information and belief, alleges that each of the defendants sued herein as a DOE are legally responsible in some manner for the events and happenings referred herein. When the true name, identity and capacity of such fictitiously designated defendants are ascertained, Safari Park will ask leave of the Court to amend this Complaint to insert said true names, identities and capacities, together with proper charging allegations.

30. The above-named defendants and DOES 1 through 200 are referred to

collectively herein as "Defendants."

## JURISDICTION

31. This Court has jurisdiction over this action pursuant to 28 U.S.C. sections 1331 et seq., in that Safari Park's claims arise under the laws of the United States pursuant to the Mission Indian Relief Act of January 12, 1891, 25 U.S.C. section 415 et seq. and regulations promulgated thereunder. The property at the center of this Complaint is under the jurisdiction of the Agua Caliente Band of Cahuilla Indians, an American Indian Tribe recognized by the United States of America, and is held by the United States, in trust. See *Boisclair v. Superior Court* (1990) 51 Cal.3d 1140, 1152 ("[Title 28 U.S.C. § 1360(b)] precludes states from asserting jurisdiction over disputes concerning Indian land"). Moreover, the claims and defenses to be determined depend on the resolution of substantial questions of federal law.

## VENUE

32. Venue is in the Eastern Division of the Central District of California pursuant to 28 U.S.C. section 1391(b)(2), in that the Agua Calienta Indian Reservation ("Tribal Land") is located in Riverside County, California, and some or all of the acts and/or omissions and transactions of which complaint is made occurred on the Tribal Land, within the Eastern Division of the Central District of California.

## GENERAL ALLEGATIONS

33. The Agua Caliente Band of Cahuilla Indians ("Tribe") is an American Indian Tribe recognized by the United States of America in the Mission Indian Relief Act of January 12, 1891, 26 Stat. 712, and Public Law 86-339 (P.L. 86-339, Sept. 21, 1959, 73 Stat. 602-605, 25 U.S.C. §§ 951-960) ("Mission Relief Act"). By the Mission Relief Act, as amended, allottees of allotted land on the Tribal Land were individually allotted certain of the lands of the Agua Caliente Indian Reservation. All other lands of the reservation are unallotted tribal lands held for

the benefit of the Tribe. Both allotted and unallotted tribal lands are held by the United States, in trust, allottees and the Tribe.

34. Safari Park is informed and believes that an allottee can mortgage, gift or sell their allotted property as they see fit with the approval of the Bureau of Indian Affairs ("BIA").

35. Safari Park is informed and believes that the property at issue in this Complaint was allotted in severalty to Steven Allen Rice, a member of the Agua Caliente Indian Tribe (Allotment No. 118E). Accordingly, by virtue of his allotment, Safari Park is informed and believes that Steven Allen Rice was and is entitled to lease the allotted property as he sees fit, subject to the approval of the BIA.

## The Governing Documents

36. On or about February 3, 1965, Raymond C. Ellis and Culver Nichols, Guardian of the Estate of Steven Allen Rice (a minor at that time) entered into Business Lease No. PSL-93 ("Business Lease"). Pursuant to the Business Lease, Mr. Ellis (the lessee) was granted the right to conduct certain businesses on Tribal Land held in trust and allotted to Steven Allen Rice, and agreed to pay rent for the privilege of doing so. One such approved use for the land is a "[t]railer park." Exhibit A, ¶ 4.B.

37. The address of the real property subject to the Business Lease is commonly known as 3865 E. Palm Canyon Drive, Palm Springs, CA 92264 ("Leased Premises"). The Assessor's Parcel Number for the Leased Premises is 681-160-017.

38. Pursuant to Section 2 of the Business Lease, the Leased Premises were leased, "subject to any prior, valid, existing rights of way." *Id.*, ¶ 14.

39. The Business Lease was approved by the Area Director of the Bureau of Indian Affairs on or about June 21, 1965.

40. On or about February 1, 1967, Raymond C. Ellis entered into an

1   agreement to sublease the entirety of the Leased Property to Safari Park, Inc.
2   ("Sublease"). The Sublease was approved by the Area Director of the Bureau of
3   Indian Affairs on or about April 7, 1967.

4       41.     On or about March 29, 1979, Steven Allen Rice and Raymond C. Ellis
5   entered into Supplemental Agreement No. 1 to Lease No. PSL-93 ("First
6   Supplemental Agreement"). Pursuant to the First Supplemental Agreement, the
7   term of the Business Lease was amended to a term of seventy-nine (79) years,
8   ending June 20, 2044. The First Supplemental Agreement was approved by the
9   Area Director of the Bureau of Indian Affairs on or about July 20, 1979.

10      42.     On or about March 29, 1979, Raymond C. Ellis entered into
11  Supplemental Agreement No. 1 to the Sublease with Safari Park, Inc. ("First
12  Amended Sublease"). Pursuant to the First Amended Sublease, the term of the
13  Sublease was amended to a term of seventy-nine (79) years, ending June 20, 2044
14  (consistent with the term of the Business Lease).

15      43.     Under the terms of the Sublease and First Amended Sublease, Safari
16  Park is subject to the original rights and obligations conferred by the Business
17  Lease.

18      44.     On or about November 12, 1982, Steven Allen Rice and Raymond C.
19  Ellis entered into Supplemental Agreement No. 2 to Lease No. PSL-93 ("Second
20  Supplemental Agreement"). The Second Supplemental Agreement implemented
21  minor changes to the rental accounting procedures, but otherwise left the First
22  Supplemental Agreement unchanged. The Second Supplemental Agreement was
23  approved by the Area Director of the Bureau of Indian Affairs on or about
24  November 12, 1982.

25      45.     On or about March 7, 1986, the Business Lease was assigned from
26  Raymond C. Ellis to the Raymond C. Ellis Revocable Trust.
27  / / /
28  / / /

### The Southridge HOA Right-Of-Way and Trespass

46. Safari Park is informed and believes that in or about June of 1960 (prior to the execution of the Business Lease described above), Southridge obtained a right-of-way ("ROW") from the Bureau of Indian Affairs to allow Defendants to cross the Tribal Lands.

47. A portion of the ROW (as roadway) is located on and runs through the Leased Property.

48. Pursuant to 25 CFR 169.201, the maximum duration of a right-of way- is fifty years. Accordingly, Safari Park is informed and believes that the ROW granted to the Defendants *expired on June 5, 2010*, after a 50 year term.

49. Although the Business Lease was granted to Raymond C. Ellis, and later assigned to Safari Park subject to any "prior, valid, existing rights of way," once the ROW expired, Safari Park's leasehold interest in the Leased Property was no longer subject thereto.

50. Safari Park is informed and believes that Defendants have made no application to renew the ROW, and that no such application has been granted by the Bureau of Indian Affairs.

51. Moreover, Safari Park is informed and believes, and on that basis alleges that the Secretary of the Interior has not approved any lease or other agreement authorizing Defendants to enter onto or otherwise use any of the Leased Property.

52. Safari Park has not granted Defendants permission to use and/or access the ROW located on the Leased Premises (nor could Safari Park, without the BIA's approval).

53. Safari Park is informed and believes that notwithstanding the expiration of the ROW, Defendants have continued to trespass on the portion of the expired ROW located on the Leased Premises, without Safari Park's or the BIA's consent. Specifically, the owners of the Southridge Parcels use this portion of the expired

ROW in order to access the Southridge Parcels, and thereby trespass across the Leased Premises. Safari Park has notified Defendants of the ongoing trespass multiple times since the ROW expired and such trespass began. Defendants have continued to trespass on Safari Park's Leased Property nonetheless.

54. Such trespass has been knowing and intentional, in flagrant defiance of Safari Park's property rights pursuant to the Business Lease and Sublease.

55. Safari Park is informed and believes that Defendant Southridge HOA has also constructed and is continuously operating a guard shack and a guard gate on the Leased Property, without Safari Park's consent.

## FIRST CAUSE OF ACTION

### (Trespass Against All Defendants)

56. Safari Park hereby incorporates by reference each and every allegation contained in paragraphs 1 through 55 as though fully set forth herein, and makes the following allegations on information and belief.

57. Pursuant to the Sublease, Safari Park is the sole sublessee to the Business Lease that entitles Safari Park to use the Leased Premises for its mobile home park. The term of the Sublease and Business Lease expires on June 20, 2044.

58. Southridge was granted a ROW to use a portion of the Leased Property, which expired on June 5, 2010.

59. Safari Park is informed and believes that no interest can be acquired in tribal lands by long-continued use, adverse possession, or prescription. See *United States v. S. Pac. Transp. Co.*, 543 F.2d 676 (9th Cir. 1976). Accordingly, neither Southridge nor the other Defendants have a prescriptive right to use the Leased Premises.

60. Since the expiration of the ROW, Defendants have knowingly and intentionally continued to use the portion of the ROW located on the Leased Premises, without Safari Park's permission or consent.

61. Safari Park is informed and believes that Defendants have also

constructed and are continuously operating a guard shack and a guard gate on the Leased Property, without Safari Park's consent.

62. By continuing to use the portion of the ROW located on the Leased Property and by constructing unpermitted improvements thereto without Safari Park's consent, Defendants have thereby deprived Safari Park of the sole use and benefit of the Leased Premises, to which Safari Park is entitled under the Sublease, to Safari Park's severe and irreparable injury, and conferred upon Defendants a benefit to which Defendants are not legally entitled.

63. As a direct and proximate result of Defendants' conduct as alleged herein, Safari Park has been deprived of the possession, use and enjoyment of its property and has suffered compensatory and consequential damages in an amount to be proven at trial.

64. Defendants, and each of them, have engaged in knowing and intentional conduct in a willful and conscious disregard of the rights of Safari Park by committing the acts alleged herein, and have acted with an intent to injure Safari Park. Therefore, Safari Park is entitled to an award of exemplary and punitive damages against Defendants, and each of them, pursuant to Civil Code § 3294.Unless restrained and enjoined by this Court, Defendants, and each of them, will continue to deny Safari Park the sole use and benefit of the Leased Property, to Safari Park's severe and irreparable injury for which Safari Park has no plain, speedy or adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE,** Safari Park respectfully requests the following relief:

A. That the Court temporarily, preliminarily and permanently enjoin and restrain Defendants and all persons acting in concert with them or under their direction and control from entering onto the Leased Premises for any purpose;

B. That the Court order Defendants to vacate the improperly constructed guard tower and guard gate, and turn ownership of such improvements over to

1  Safari Park;

2      C.    That the Court enter judgment in favor of Safari Park and award money
3  damages, punitive damages, and exemplary damages according to proof at trial;
4      D.    An award of reasonable attorneys' fees and costs paid to Safari Park;
5  and
6      E.    Any such further relief as the Court may deem just and appropriate.

7

8  Dated: June 7, 2018            RUTAN & TUCKER, LLP
                                          A. PATRICK MUÑOZ
9                                            EMILY WEBB

10

11                               By:    /s/ A. Patrick Muñoz
12                                     A. Patrick Muñoz
                                   Attorneys for Plaintiff
13                                   SAFARI PARK, INC.

14

15                         **DEMAND FOR JURY TRIAL**

16      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, demand is
17  hereby made for trial by jury on all issues triable to a jury.

18

19  Dated: June 7, 2018            RUTAN & TUCKER, LLP
                                   A. PATRICK MUÑOZ
20                                   EMILY WEBB

21

22                               By:    /s/ A. Patrick Muñoz
23                                   A. Patrick Munoz
                                 Attorneys for Plaintiff
                                 SAFARI PARK, INC.
24

25

26

27

28